**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| JUDITH H. ROACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-CV-4179-C-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Judith H. Roach petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("the Commissioner"). Plaintiff applied for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383f. An administrative law judge ("ALJ") found she had multiple severe impairments, including bipolar disorder, panic disorder with agoraphobia, depression, and anxiety, but retained the residual functional capacity ("RFC") to perform work as a housekeeper, folding machine operator, or gluer. The ALJ thus found her not disabled.

Because the Court finds the ALJ's determination is consistent with the applicable law, the Commissioner's decision is AFFIRMED.

### Background

A complete summary of the record is presented in the parties' briefs and repeated here only to the extent necessary. Plaintiff filed her pending application on June 30, 2011. Because an ALJ denied a prior application for benefits on March 17, 2011, the effective disability onset date here is March 18, 2011.

After the Commissioner denied the current application application, Plaintiff requested an ALJ hearing. On March 25, 2013, the ALJ found that she was not disabled. The Social Security Administration Appeals Council denied her request for review on May 22, 2014, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Bernard v. Colvin*, 774 F.3d 482, 486 (8th Cir. 2014). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by

---

[1] The five-step sequence involves determining whether "(1) whether the claimant is currently employed; (2) whether the claimant is severely impaired; (3) whether the claimant's impairment, or combination of impairments, meet a listed impairment; (4) whether the claimant's residual functional capacity (RFC) precludes his ability to perform past relevant work; and, if not, (5) whether his RFC precludes the claimant from performing any other work available in the national economy." *Moore v. Colvin*, 769 F.3d 987, 988 (8th Cir. 2014); *see* 20 C.F.R. § 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis

reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 1382c(a)(3)(A).

Plaintiff generally challenges the ALJ's decision to give diminished weight to the opinions of her treating sources. She argues the ALJ "formed her own opinion of the medical evidence instead of relying on the interpretation of a treating source." Pl.'s Br. (Doc. 17 at 10). In support, Plaintiff simply summarizes the opinions of the treating physicians and emphasizes their belief that she had a mental illness that interfered with her ability to work. Relatedly, Plaintiff argues that the ALJ should have contacted her examining sources "if she had any doubts about the opinions." *Id.* (Doc. 17 at 12).

Given the court's limited scope of review, *e.g. Bernard*, 774 F.3d at 486; *Wright*, 789 F.3d at 852, it is incumbent on the claimant to advance some argument that the ALJ committed legal error. Toward that end, issues which are "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1320 (Fed. Cir. 2006) (collecting cases in accord from several circuits), *cited with approval in Aulston v. Astrue*, 277 F. App'x 663, 664–65 (8th Cir. 2008); *accord Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" a claimant's "conclusory assertion" of error because the claimant provided "no analysis of the relevant law or facts").

Here, Plaintiff's brief comprises not true arguments but skeletal assertions. She does not address any of the ALJ's reasons for rejecting some of her doctors' opinions. *See* R. at 21–24. For instance, she does not indicate what step was affected by the ALJ misjudging the opinions; that is, she does not argue that the ALJ disregarded severe mental impairments (Step Two),

reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

applied the wrong Listing (Step Three), or incorrectly formulated her RFC and thus held she could perform work she actually cannot (Steps Four and Five). The sole statement that could be construed as an argument—that no examining evidence contradicted any other examiner's opinion—is refuted by the record, as explained by the ALJ. *See, e.g.*, R. at 23. Finally, her argument that the ALJ should have recontacted her doctors rests on the ALJ harboring "doubts," but she does not explain what doubts the ALJ had or should have had.

Because Plaintiff has not developed any argument for the Court to consider, the issues to which she alludes are deemed waived. *See SmithKline Beecham Corp.*, 439 F.3d at 1320; *Vandenboom*, 421 F.3d at 750.

## Conclusion

For the reason above, the Commissioner's decision denying Title XVI benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date:  August 10, 2015                           /s/ Greg Kays
                                                  GREG KAYS, CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT

4